IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| ) | |
| Plaintiff, ) | Case No. 1:19-cr-00936-WJ |
| ) | |
| vs. ) | |
| ) | |
| RICHARD JOHNS ) | |
| ) | |
| Defendant. ) | |

DEFENDANT'S UNOPPOSED MOTION
TO CONTINUE TRIAL AND DEADLINES

Richard Johns, Defendant, by and through undersigned counsel Amanda R. Lavin, moves the court to continue the jury trial currently scheduled for June 3, 2019, and to vacate and reschedule all other motions, deadlines and settings in this matter. Mr. Johns respectfully requests that this matter be continued for an additional sixty days. In support, Mr. Johns states:

1. Defendant entered a plea of not guilty to the indictment on April 3, 2019. (Doc. 17). The indictment charges him with violation of 18 U.S.C. §§ 1153, 2241(a) and 2246(2)(A), 113(a)(6) and (8).

2. Mr. Johns has been in the custody of the United States Marshall Service since the detention hearing held March 7, 2019, in front of the Honorable Jerry H. Ritter.

3. Trial in this matter is currently scheduled for June 3, 2019.

4. Mr. Johns respectfully requests a continuance in order to adequately prepare

1

for trial, conduct defense investigation, file any appropriate pretrial motions, and importantly, negotiate a potential resolution of the case with the United States Government. Specifically, Mr. Johns requests an additional 60 days from the current setting to prepare for trial. Sixty days is the minimum amount of time that is required to accomplish the above-described tasks, which are all vital to his defense.

5. A continuance of sixty days is necessary for counsel to complete the following:

   A) Defense investigation in this matter is ongoing. Discovery was disclosed on April 11, 2019. Undersigned counsel, together with Mr. Johns, will need to conduct a thorough review of all discovery and any necessary follow up investigation before proceeding to trial.

   B) Time may also be needed to negotiate a potential resolution with the Government in the event Mr. Johns does not wish to proceed to trial. If no plea resolution is reached, time will be needed to file appropriate pretrial motions and motions *in limine*, and otherwise prepare for trial.

6. Mr. Johns' right to the effective assistance of counsel includes adequate time to prepare for trial and conduct defense investigation. Without that adequate time to prepare for trial, Mr. Johns will be denied his right to the effective assistance of counsel. As the Eleventh Circuit has recognized,

> Implicit in this right to counsel is the notion of adequate time for counsel to prepare the defense: "Disposition of a request for continuance . . . is made in the discretion of the trial judge, the exercise of which will ordinarily not be reviewed. But the denial of opportunity for appointed counsel to consult with the accused and to prepare his defense, could convert the appointment of

> counsel into a sham and nothing more than a formal compliance with the Constitution's requirement that an accused be given the assistance of counsel. The Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment."

*United States v. Verderame*, 51 F.3d 249, 252 (11th Cir. 1995) (quoting *Avery v. Alabama*, 308 U.S. 444, 446, 60 S.Ct. 321, 322 (1940).

7. Mr. Johns agrees with this continuance and will not be prejudiced by this continuance.

8. In compliance with the provisions of 18 U.S.C. § 3161(h)(7)(A), undersigned counsel affirmatively states that the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). Undersigned counsel affirmatively states that the ends of justice will be served by granting this extension of time in which to file motions and a continuance of the trial. *See United States v. Hernandez-Mejia*, 406 Fed. App'x. 330, 338 (10th Cir. 2011) ("The Speedy Trial Act was intended not only to protect the interests of defendants, but was also 'designed with the public interest firmly in mind.'") (quoting *United States v. Toombs*, 574 F.3d 1262, 1273 (10th Cir. 2009)). Additional time will allow the defense time to thoroughly review all of the discovery in this matter and to complete an investigation. Additionally, a continuance of the deadlines and jury trial in this matter will provide the government time to seek the requisite layers of approval so that the parties may resolve the case by way of plea agreement. Such a negotiated resolution would conserve judicial and prosecutorial

resources and could materially benefit Mr. Johns by providing him access to a more favorable resolution of this matter. This motion is not predicated upon the congestion of the Court's docket.

9. A continuance that is aimed at avoiding an unnecessary trial and conserving judicial resources serves the purposes of the Speedy Trial Act. *See Connolly v. United States*, 2013 WL 530869 (D. N.J. Feb. 11, 2013 (unpublished) (waste of prosecutorial and judicial resources and delay in the trial of other cases is contrary to the objectives underlying the Speedy Trial Act of 1974, 18 U.S.C. § 3161 *et seq*.); *United States v. Stanton*, 94 F.3d 643 (4th Cir. 1996) (unpublished) ("it is also clear that the obvious reason the district court granted the motion was to conserve judicial resources by avoiding potential piecemeal litigation, and this justified an ends of justice finding under § 3161"); *United States v. Stradford*, 394 F.App'x 923, 927, 2010 WL 3622995 (3rd Cir. 2010) (unpublished) (affirming the grant of a continuance for several reasons including time to discuss plea negotiations and the continuance would likely conserve judicial resources).

10. Counsel for the government, Sarah Mease, Esq., does not oppose this motion.

WHEREFORE, Mr. Johns, by and through undersigned counsel, respectfully requests that this Court continue the jury trial and motions deadline as set forth above.

>Respectfully Submitted,
>
>**FEDERAL PUBLIC DEFENDER**
>111 Lomas NW, Suite 501
>Albuquerque, NM 87102
>(505) 346-2489
>
>*Electronically filed May 20, 2019*
>/s/ Amanda R. Lavin
>Assistant Federal Public Defender
>amanda_lavin@fd.org