IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF NEW MEXICO,

        Plaintiff,

vs.                                                                                                        No. CR 19 936 WJ

RICHARD JOHNS,

        Defendant.

## MOTION TO WITHDRAW AND FOR SUBSTITUTION OF COUNSEL

**COMES NOW** Martin Lopez III, P.C. (Martin Lopez, III), appointed counsel for Defendant Richard Johns, and pursuant to the Sixth Amendment of the United States Constitution and the Criminal Justice Act, 18 U.S.C. § 3006 A, to respectfully request that this Honorable Court enter an Order allowing undersigned counsel to withdraw from the representation of the Defendant and substitute counsel from the Criminal Justice Act Panel, to represent the Defendant in all further proceedings. As grounds the following is stated:

1. On June 24, 2019, undersigned Counsel was appointed to represent Defendant Johns pursuant to the Criminal Justice Act. (Doc. 31). Counsel is Defendant Johns' second attorney.

2. Mr. Johns is charged in an Indictment filed on March 27, 2019 with Bank Robbery in violation of 18 U.S.C. § 2113(a). The alleged act took place in McKinley County, in the District of New Mexico on or about February 19, 2019. (Doc. No. 15).

3. After discussions with prior counsel and review of the discovery in the case, undersigned Counsel met with Defendant Johns and began discussions with the Government concerning a resolution to this matter that would avoid the necessity of a trial. These discussions were complicated by the extent of Defendant's criminal history and were hampered because Defendant is housed at the detention facility in Milan, New Mexico, thereby requiring two and one-half hours of transit to have face-to-face visits with Defendant.

1

4. As a result of Defendant's prior criminal history which spans from 1990 to present in the States of Arizona and New Mexico, undersigned Counsel requested copies of Defendant's Judgments for his prior convictions from the Government. The Government did not have the requested documents. Thereafter, undersigned Counsel requested a criminal history analysis from United States Probation to better provide Defendant with the sentencing guideline range (criminal history category and guideline range) of the case.

5. In the present case, Call of the Calendar is scheduled for November 27, 2019. Trial is presently scheduled for December 2, 2019. Motion deadline is October 21. (Doc. No. 37).

6. Appointed counsel addressed Mr. Johns' concerns to the best of his ability. Counsel is a licensed attorney with 40 years experience as a trial attorney in the State of New Mexico, District of Columbia, United States District Court for the District of New Mexico, United States Court of Appeals for the Tenth Circuit, and the United States Supreme Court. A very beneficial plea offer was presented to Mr. Johns by the Government which was under consideration and rejected.

7. On September 20, 2019 appointed counsel met with Mr. Johns to further discuss continuing negotiations between appointed counsel and the Government. Rather than assure Mr. Johns of the progress made to resolve his case, it now appears as if there has been a complete breakdown in the communication between Mr. Johns and appointed counsel. Unfortunately, counsel's efforts have proven to be unsuccessful in resolving the conflict between Mr. Johns and appointed counsel. Moreover, immediately after Friday's meeting with Mr. Johns he filed a "Dismiss Counsel" motion alleging "undue pressure and ineffective counsel" by appointed counsel. (Doc. 38). Mr. Johns' reasoning for appointed counsel's "dismissal" is the identical reason he alleged in seeking removal of his first attorney, Assistant Federal Public Defender Amanda R. Lavin. (Doc. 26). Given Mr. Johns' representations, which are disputed, and to avoid continued claims of undue pressure and/or ineffective representation, undersigned counsel has no objection to Mr. Johns' request.

2

8. Standards for the substitution of counsel are controlled by the Defendant's constitutional right to counsel which is protected by the Sixth Amendment of the Constitution. *United States v. Anderson*, 189 F.3d 121, 1210 (10th Cir. 1999). To warrant a substitution of counsel, the defendant must make a timely showing that good cause exists for the substitution of counsel based on an irreconcilable conflict which could lead to any apparently unjust verdict. *United States v. Lott*, 310 F.3d 1231, 1249 (10th Cir. 2002). Mr. Johns cites no factual basis for his "Dismiss Counsel" motion.

9. Although a strategic disagreement between a defendant and his attorney is insufficient to demonstrate good cause for the substitution of counsel, substitution is nonetheless required when there has been a total breakdown in communication between the defendant and his court appointed counsel which prevents the preparation of an adequate defense. *United States v. Lott*, 310 F.3d 1231, 1249, *citing United States v. Doe #1*, 272 F.3d 116, 124 (2nd Cir. 2001), see also *United States v. Padilla*, 819 F.2d 952, 955 (10th Cir. 1987).

10. A complete breakdown in communication between an attorney and his client may give rise to a presumption of prejudice. *United States v. Cronic*, 466 U.S. 648, 658 (1984). This is so because a breakdown in communication between an attorney and his client can at times be so severe and disabling that even the most able counsel can be prevented from providing effective assistance. *United States v. Soto-Hernandez*, 849 F.2d 1325, 1328 (10th Cir. 1988).

11. In this case there is, indeed, a complete breakdown in the attorney-client communication between appointed counsel and Mr. Johns. Therefore, substitution of counsel is necessary in order to safeguard Mr. Johns' Sixth Amendment right to the effective assistance of court-appointed counsel. It is apparent from Mr. Johns' request to dismiss undersigned counsel and implicitly for a substitution of counsel that appointed counsel can no longer function as the diligent and conscientious advocate which the Sixth Amendment demands.

12. In addition, Mr. Johns' request for substitution of counsel has created a conflict of interest which requires the substitution of court-appointed counsel in order to safeguard Mr. Johns' interest at any evidentiary hearing on this Motion.

13. Whenever the Defendant makes a sufficiently specific factual allegation in support of his request for new counsel, the District Court must hold a hearing on the Defendant's request. *United States v. Lott, supra,* 310 F.3d at p. 1249. At this hearing the District Court should make a formal inquiry into the reasons for the Defendant's dissatisfaction with his present attorney. *Ibid.* Such a hearing is necessary because the District Court must determine if there is a severe and pervasive conflict between the Defendant and his appointed attorney which would justify the substitution of counsel. *Ibid,* see also *United States v. Anderson, supra* 189 F.3d at 1210 (the District Court is under a duty to make a formal inquiry into the reasons for the Defendant's dissatisfaction with his present attorney when substitution is requested.).

14. Nevertheless, a hearing in which defense counsel is called to account for his performance in the face of a defendant's claim of dissatisfaction places defense counsel in an irreconcilable conflict of interest between advocating his client's interests by advancing his claims of dissatisfaction and defending his own actions as a member of the bar and an officer of the court. See, e.g., *United States v. Daugerdas,* 735 F.Supp.2d 113, 116 (S.D.N.Y. 2010) [no waiver of conflict where attorney's conflict jeopardizes the integrity of the judicial proceedings because of the attorney's own personal, financial or liberty interests].

15. As a result of the dispute between Mr. Johns and counsel, substitute counsel should be appointed to represent Mr. Johns. Counsel respectfully submits that the failure to substitute counsel in this case will violate Mr. Johns' Sixth Amendment right to the effective assistance of court appointed counsel with whom he is dissatisfied, with whom he will not cooperate, and with whom he will not effectively communicate. If Mr. Johns is forced to proceed further to a hearing to advance his claims of dissatisfaction with court-appointed counsel, he will also become embroiled in an active conflict of interest with his own attorney because Mr. Johns' court-appointed counsel will face an irreconcilable conflict of interest between advocating Mr. Johns' stated interests in seeking a new attorney and defending counsel's own actions on behalf of Mr. Johns, thereby depriving Mr. Johns of the effective assistance of counsel at a hearing on the Motion. Cf. *United*

4

*States v. Soto-Hernandez, supra,* 849 F.3d at 1328, citing *Brown v. Craven,* 424 F.2d 1166, 1170 (9th Cir. 1970).

16. Assistant U.S. Attorney Sarah Mease, counsel of record for the United States, has been informed of this Motion to Withdraw and for Substitution of Counsel and Ms. Mease represents that the Government takes no position on the motion.

**WHEREFORE,** for all of the foregoing reasons and due to an irreconcilable conflict of interest, appointed counsel for Mr. Johns respectfully requests that this Honorable Court allow his withdrawal and substitute counsel..

Respectfully submitted,

**MARTIN LOPEZ, III**
A Professional Corporation

<u>Electronically filed September 24, 2019</u>
Martin Lopez, III
Attorney for Defendant Johns
1500 Mountain Rd. N. W.
Albuquerque, New Mexico 87104
Tele: (505) 243-2900

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 24th of September, 2019, I filed the foregoing pleading electronically through the CM/ECF system, which caused the following counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing to the following:

Sarah Mease, AUSA
E-Mail: <u>sarah.mease@usdoj.gov</u>

<u>Electronically filed September 24, 2019</u>
Martin Lopez, III